# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Preserve Partners, Inc.,

    Plaintiff,

v.

Sawmill Park Properties, LLC,

    Defendant.

Case No. 2:22-cv-477

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Sawmill Park Properties, LLC ("Defendant") moves to dismiss Claim IV of Preserve Partners, Inc.'s ("Plaintiff") Amended Complaint. ECF No. 21. For the following reasons, the motion is **GRANTED**.

### I.    FACTS[1]

This case arises out of the sale of a piece of real property located at 2765 Sawmill Park Drive, Columbus, Ohio (the "Property"). *See generally* Amend. Compl., ECF No. 18. In October 2019, the parties entered into a contract for the sale of the Property (the "Contract"), with Defendant as the seller and Plaintiff as the buyer. *Id.* ¶¶ 1, 8; *see also* Contract, Amend. Compl. Ex. A, ECF No. 18-1. The sale closed in January 2020. Amend. Compl. ¶ 12, ECF No. 18.

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendant's motion.

One provision of the Contract requires Defendant to pay any taxes "retroactively assessed against the Property for . . . any tax years prior to the tax year in which the Closing occurs." Contract § 8.11(c), Amend. Compl. Ex. A, ECF No. 18-1. In the Contract, Defendant warrants that it is "not insolvent nor will be rendered insolvent by the consummation of the transactions under [the Contract]." *Id.* § 7.1(a)(xi).

After closing, in March 2020, the Board of Education of the Dublin City School District ("BOE") filed a tax complaint with the Franklin County Board of Revision. Amend. Compl. ¶ 12, ECF No. 18. In the tax complaint, the BOE sought to increase the 2019 valuation of the Property by $10,250,000. *Id.* Following an appeal, the BOE and Plaintiff entered into a settlement agreement, under which $112,775.21 of 2019 taxes were owed. *Id.* ¶¶ 12–13.

Plaintiff told Defendant about the 2019 tax bill in July 2021. *Id.* ¶ 15. Defendant responded it did not intend to pay the 2019 taxes. *Id.* Subsequently, Plaintiff sent a demand letter to Defendant for payment of the 2019 taxes, but Defendant has not yet paid the 2019 taxes. *Id.* ¶¶ 16–17. Defendant has also advised Plaintiff that it is a "shell LLC" and has no assets. *Id.* ¶ 18.

In the Amended Complaint, Plaintiff asserts claims for breach of contract, unjust enrichment, promissory estoppel, and fraudulent transfer. *Id.* ¶¶ 20–51.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III.     ANALYSIS

Defendant moves to dismiss Plaintiff's fraudulent transfer claims. *See generally* Mot., ECF No. 21. Plaintiff asserts its fraudulent transfer claim under Ohio Revised Code Sections 1336.04 and 1336.05. Amend. Compl. ¶¶ 40–51, ECF No. 18. In support of its fraudulent transfer claims, Plaintiff includes the following factual allegations:

First, Plaintiff alleges Defendant's obligation to pay the tax bill, subsequent refusal to pay, and Defendant's representation that it has no assets. *Id.* ¶¶ 41–43. Plaintiff also offers some inferences from those factual allegations. *Id.* ¶¶ 44–45. Specifically, Plaintiff reasons that the proceeds from the property sale were "sufficient to satisfy any and all tax liabilities" and so the fact that Defendant now represents that it lacks any assets means that Defendant must have transferred the funds from the property sale. *Id.* Finally, Plaintiff asserts that these transfers were made "in full or in part, in an effort to avoid paying sums due" and that the transfers "were made with knowledge that it would leave Sawmill Park without sufficient assets for a current or upcoming transaction." *Id.* ¶ 45

## A. Section 1336.04

As this Court has previously explained, there are "two general ways for a plaintiff to bring an action for fraudulent transfer" under Ohio Revised Code Section 1336.04. *See Cap City Dental Lab, LLC v. Ladd*, No. 2:15-CV-2407, 2016 WL 4573993, at *13 (S.D. Ohio Sept. 1, 2016) (citing Ohio law). Specifically, a plaintiff may bring a claim for "actual intent" or "constructive intent." *Id.* Although Plaintiff now argues that it asserts only a "constructive intent" claim, from a review of Plaintiff's Complaint, it appears that it asserted both types of claims. *See* Amend. Compl. ¶¶ 40–51, ECF No. 18 (mirroring the statutory language for both types of claims). In the interest of thoroughness, the Court evaluates each claim.

### 1. Actual Intent

A plaintiff may bring an "actual intent" fraudulent transfer claim under Section 1336.04(A)(1). To succeed on an "actual intent" claim, a plaintiff must show "(1) a conveyance or incurring of a debt; (2) made with actual intent to defraud, hinder, or delay; (3) present or future creditors." *Cap City*, 2016 WL 4573993, at *13 (internal quotation marks omitted, quoting *Blood v. Nofzinger*, 834 N.E.2d 358, 367 (Ohio Ct. App. July 29, 2005)); *see also* Ohio. Rev. Code § 1336.04(A)(1). The statute also provides several enumerated factors, sometimes called the "badges of fraud," that may help establish that the transfer was made "with actual intent to hinder, delay, or defraud." *Cap City*, 2016 WL 4573993, at *13 (citation omitted); *see also* Ohio Rev. Code § 1336.04(B). The statutory list of "badges" is non-exhaustive. *See Nofzinger*, 834 N.E.2d at 368 ("The 1336.04(B) list is not exclusive." (citation omitted)). And although "the existence of one or more badges does not constitute fraud per se," a plaintiff need not demonstrate all the "badges" to be successful. *Id*. (internal citation omitted).

In addition, to properly plead a claim under Section 1336.04(A)(1), a plaintiff must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Van-Am. Ins. Co. v. Schiappa, et al.*, 191 F.R.D. 537, 543 (S.D. Ohio 2000) (holding that fraudulent transfer claims under Section 1336.04(A)(1) are subject to Rule 9(b)); *see also Cap City*, 2016 WL 4573993, at *13. Thus, in order to survive a motion to dismiss, a plaintiff alleging an "actual

intent" fraudulent transfer claim must allege the "who, what, when, where, and how of the alleged fraud." *United States ex rel. Roycroft v. Geo Grp., Inc.*, 722 F. App'x 404, 406 (6th Cir. 2018) (internal citations omitted).

Plaintiff's allegations are insufficient to meet the heightened pleading standard under Rule 9(b). Plaintiff does not allege any specifics about when the alleged transfer occurred, to what entity Defendant's assets were transferred, how many transfers Defendant made, or how many of the transfers were fraudulent. *See* Amend. Compl. ¶¶ 40–51, ECF No. 18. Plaintiff offers conclusory statements that the transfers "were made with actual intent to hinder, delay or defraud creditors." *Id.* ¶ 46.

Finally, Plaintiff pleads two of the "badges of fraud": (1) that the transfer(s) was of all or nearly all of Defendant's assets; and (2) that transfer(s) caused Defendant to be insolvent. *Id.* ¶¶ 41–45; *see also* Ohio Rev. Code § 1336.04(B). Although the "badges" may, in some cases, raise an inference of fraudulent intent, they do not here. Here, Plaintiff bases the "badges" allegations on inference rather than factual allegations. Thus, to use these allegations to support Defendant's intent to defraud, the Court would have to accept Plaintiff's inferences that the "badges" exist and from there infer that Defendant had the requisite intent. Even assuming those inferences are reasonable, such a "chain of inference" is insufficient to support a claim. *See U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 411 (6th Cir. 2016) (dismissing a claim for which the party relied on a "chain of inferences" to support the claim).

Further, these inferences still do not provide the specifics of "who, what, when, where, and how" necessary to satisfy the Rule 9(b) requirements. *See Roycroft*, 722 F. App'x at 406; *see also Cap City*, 2016 WL 4573993, at *13–14 (dismissing an "actual intent" claim where the plaintiff failed to identify the "date, amount, or type" of alleged transfers).

Accordingly, Plaintiff's "actual intent" claim under Ohio Revised Code Section 1336.04(A)(1) is **DISMISSED WITHOUT PREJUDICE**.

### 2. Constructive intent

A plaintiff may also bring a "constructive intent" claim under Section 1336.04(A)(2). To prevail on a "constructive intent" claim, a plaintiff must first show that the debtor made a transfer or obligation "[w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation." Ohio Rev. Code § 1336.04(A)(2). A plaintiff must then also show one of either that the "debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction," or that the "debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." *Id.*; *see also Nofzinger*, 834 N.E.2d at 369–70; *Cap City*, 2016 WL 4573993, at *13. A plaintiff need not establish any actual intent because a "constructive intent" claim "may exist even where the debtor has no actual intent to commit fraud." *Nofzinger*, 834 N.E.2d at 369 (internal citation omitted). Claims under Section 1336.04(A)(2) need not satisfy

the heightened pleading requirements of Rule 9(b). *See Cap City*, 2016 WL 4573993, at *14 ("Rule 9(b)'s heightened pleading standard does not apply to § 1336.04 claims unless they rely on actual fraudulent intent." (citing *In re Motorwerks, Inc.*, 371 B.R. 281, 295 (Bankr. S.D. Ohio 2007)).

Plaintiff does not plausibly allege a "constructive intent" claim. Plaintiff provides no factual allegations that a transfer actually occurred[2] or that Defendant completed this transfer without receiving something of a "reasonably equivalent value." *Id.* Instead, Plaintiff provides its reasoning that, because the sale proceeds from the property could cover "any and all tax liabilities" and Defendant now represents that it has no assets, one or more transfers must have happened. *Id.* ¶¶ 44–45. The Court finds that Plaintiff presents a *possible* version of events. However, without any specific factual allegations to support that a transfer actually occurred, the Amended Complaint does not contain enough factual allegations to make Plaintiff's as-currently-pleaded version of events *plausible*. *See Iqbal*, 556 U.S. at 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

---

[2] Although that it is possible that Defendant's current insolvency is the result of a transfer, it is equally possible that Defendant became insolvent for any number of other reasons. For example, it could have become insolvent because of the extreme economic disruptions of the Covid-19 pandemic, poor investments, or any other reason. So, as to whether Defendant actually made any transfers, Plaintiff has presented a *possible* inference, but not a *plausible* one. *See Iqbal*, 556 U.S. at 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (quoting *Twombly*, 550 U.S. at 556)).

sheer possibility that a defendant has acted unlawfully." (quoting *Twombly*, 550 U.S. at 556)).

So, Plaintiff's "constructive intent" claim under Ohio Rev. Code Section 1336.04(A)(2) is **DISMISSED WITHOUT PREJUDICE**.

## B. Section 1336.05

The Amended Complaint references Ohio Revised Code Section 1336.05 in passing. Section 1336.05 provides additional definitions of fraudulent transfers as follows:

> (A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
>
> (B) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the transfer was made to or the obligation was incurred with respect to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

To the extent Plaintiff is asserting a claim under this statute, Plaintiff fails to plausibly state that claim. As explained above, Plaintiff provides no factual allegations to support that a transfer actually occurred and, if one did, that Defendant did not receive something of "reasonably equivalent value" in exchange for the transfer. Further, Plaintiff does not allege whether such transfers occurred before or after Defendant became insolvent. *See Amend.*

*Compl.* ¶¶ 40–51, ECF No. 18. So, Plaintiff has failed to plausibly allege a claim under Ohio Revised Code Section 1336.05, and that claim is **DISMISSED WITHOUT PREJUDICE**.

## IV. CONCLUSION

For these reasons, Defendant's motion is **GRANTED**. Plaintiff's fraudulent transfer claims asserted under Ohio Revised Code Sections 1336.04(A)(1), 1336.04(A)(2), and 1336.05 are **DISMISSED WITHOUT PREJUDICE**. Should discovery on Plaintiff's other claims reveal facts to support a claim for fraudulent transfer, Plaintiff may move for leave to file another amended complaint.

The Clerk is **DIRECTED** to terminate ECF No. 21.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**