UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PRESERVE PARTNERS, INC.,**

          **Plaintiff,**

v.

    Civil Action 2:22-cv-477
    Judge Michael H. Watson
    Magistrate Judge Chelsey M. Vascura

**SAWMILL PARK PROPERTIES, LLC,**

          **Defendant.**

## OPINION AND ORDER

Plaintiff, Preserve Partners, Inc. ("Preserve Partners"), brings this diversity action against Defendant, Sawmill Park Properties, LLC ("Sawmill"), seeking legal and equitable relief for breach of contract and unjust enrichment. This matter is before the Court on Defendant's Motion for Stay of Discovery pending the Court's resolution of Defendant's Motion for Summary Judgment under Federal Rule of Civil Procedure 56(a) (ECF No. 35) and Plaintiff's Motion for Attorney's Fees (ECF No. 42). For the following reasons, both Motions are **DENIED.**

### I.    BACKGROUND

Plaintiff filed its Complaint on February 11, 2022. (Compl., ECF No. 1.) On March 9, 2023, Defendant moved for Summary Judgment under Rule 56(a), arguing the action contains no genuine dispute as to any material fact and it is therefore entitled to judgment as a matter of law. (ECF No. 34.) On March 17, 2023, Defendant filed the present Motion for Stay of Discovery pending resolution of its summary judgment motion, asserting that "it is patent that the case lacks merit and will almost certainly be dismissed." (Def.'s Mot. to Stay Discovery 2, ECF No. 35.)

## II.   STANDARDS GOVERNING STAYS OF DISCOVERY

Rule 26(c) allows a district court to issue an order staying discovery while a motion is pending for "good cause shown." Fed. R. Civ. P. 26(c); *Bowens v. Columbus Metro. Libr. Bd. of Trustees*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010). "A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). As the United States Court of Appeals for the Sixth Circuit has often acknowledged, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *see also Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir.1995)).

In resolving a motion to stay discovery, a court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1 (citing *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio, Mar. 4, 2008)). "The Court [ ] must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977). The Defendant here bears the burden of showing the need for the stay and that "neither the other party nor the public will suffer harm from entry of the order." *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *2 (S.D. Ohio Dec. 10, 2020) (citing *id*.)

### III.    ANALYSIS

"In exercising its discretion on this issue, the Court has frequently found that 'the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery.'" *Ames v. LaRose*, No. 2:22-cv-2085, 2022 WL 11615872, at *2 (S.D. Ohio Oct. 20, 2022) (quoting *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The notion that a potentially dispositive motion would stay discovery "is directly at odds with the need for expeditious resolution of litigation" and "a stay of the type requested by defendants . . . would require the court to make a preliminary finding of the likelihood of success on the motion," which "would circumvent the procedures for resolution of such a motion." *Id.* (quoting *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

Defendant concedes that "as a general rule, this Court is not inclined to stay discovery" while a potentially dispositive motion is pending "unless special circumstances justify that action." *Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009). Defendant argues that "special circumstances" are present when "it is patent that the case lacks merit and will almost certainly be dismissed." *Bates v. Ohio Dep't of Rehab. & Corr.*, 2023 WL 184014, at *4 (S.D. Ohio Jan. 13, 2023) (quoting *Ohio Bell Tel. Co.,* 2008 WL 641252, *1).  However, the Court finds it "unpersuasive for a party to rely on the strength of" its potentially dispositive motion "in moving for a motion to stay, unless the complaint is clearly frivolous," and the Court is "not inclined to grant a stay based on one party's view of the strength of its Motion." *Dummen NA, Inc. v. Proven Winners N. Am. LLC*, No. 2:16-CV-00709, 2017 WL 4868201, at *1–2 (S.D. Ohio May 3, 2017).  Although Defendant argues that its motion will

"almost certainly" be granted (Def.'s Mot. 2, ECF No. 35), the Court finds that Plaintiff's Complaint is not "utterly frivolous." *Kendell v. Shanklin,* No. 2:20-CV-985, 2020 WL 6748505, at *2 (S.D. Ohio June 4, 2020) (quoting *Ohio Bell Tel. Co.*, 2008 WL 641252, at *1).

Defendant further argues that denying the Motion will unnecessarily burden Defendant "with additional costs and work" from participating in further discovery. (Def.'s Mot. 2, ECF No. 35.) However, Defendant fails to state with particularity how continuing with discovery would be unduly burdensome. "Alleged costs associated with discovery, without details of a specific burden, are unlikely to justify a stay of discovery." *Malibu Media, LLC v. Doe*, No. 2:14-CV-1132, 2015 WL 2128156, at *1 (S.D. Ohio May 6, 2015); s*ee also, e.g., City of Lancaster v. Flagstar Bank, FSB,* No. 10–cv–1041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011*)* (denying the motion to stay discovery where the party filing the motion "ma[de] no effort to detail the specific burdens it will face from discovery in this case; nor [did] it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion").

Finally, Defendant's assertion that a stay of discovery will not prejudice Plaintiff is unavailing. A plaintiff has an interest in the speedy resolution of its case. *See Per Servs., LLC v. Van Sickle*, No. 2:20-CV-05539, 2021 WL 1030224, at *2 (S.D. Ohio Feb. 22, 2021). Put another way, a plaintiff has "a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396. Consistently, Federal Rule of Civil Procedure 1 states that the rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Application of these principles here weighs against granting a stay of discovery.

However, the Court does not find Plaintiff's request for an award of attorney's fees incurred in opposing Defendant's Motion to Stay to be well taken. In the absence of a contractual or statutory provision for fee shifting, the "American Rule" generally requires litigants (even successful litigants) to bear their own attorney's fees. *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010). An exception allows for an award of attorney's fees as a sanction for bad faith conduct by the opposing party under the Court's inherent authority. *Id.* The undersigned does not find that Defendant acted in bad faith by filing or failing to withdraw the Motion to Stay. Accordingly, Plaintiff's Motion for Attorney's Fees is **DENIED**.

## IV.     DISPOSITION

As Plaintiff's claim is not "utterly frivolous," Defendant failed to specifically state circumstances making discovery burdensome, and Plaintiff has a strong interest in continuing discovery, Defendant's Motion to Stay (ECF No. 35) is **DENIED**. Further, as the undersigned finds no bad faith on the part of Defendant, Plaintiff's Motion for Attorney's Fees (ECF No. 42) is **DENIED**.

    **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE