# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Preserve Partners, Inc.,**

    **Plaintiff,**

v.

**Sawmill Park Properties, LLC,**

    **Defendant.**

Case No. 2:22-cv-477

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Preserve Partners ("Plaintiff") moves pursuant to Federal Rule of Civil Procedure 56(d) to defer consideration of Sawmill Park Properties' ("Defendant") pending motion for summary judgment. ECF No. 40. Defendant opposes Plaintiff's motion. ECF No. 43. For the following reasons, Plaintiff's motion is **GRANTED**.

### I. FACTS

The Court previously summarized the alleged facts in this case, in pertinent part, as follows:

> This case arises out of the sale of a piece of real property located at 2765 Sawmill Park Drive, Columbus, Ohio (the "Property"). *See generally* Amend. Compl., ECF No. 18. In October 2019, the parties entered into a contract for the sale of the Property (the "Contract"), with Defendant as the seller and Plaintiff as the buyer. *Id.* ¶¶ 1, 8; *see also* Contract, Amend. Compl. Ex. A, ECF No. 18-1. The sale closed in January 2020. Amend. Compl. ¶ 12, ECF No. 18. One provision of the Contract requires Defendant to pay any taxes "retroactively assessed against the Property for . . . any tax years prior to the tax

> year in which the Closing occurs."[1] Contract § 8.11(c), Amend. Compl. Ex. A, ECF No. 18-1. After closing, in March 2020, the Board of Education of the Dublin City School District ("BOE") filed a tax complaint with the Franklin County Board of Revision. Amend. Compl. ¶ 12, ECF No. 18. In the tax complaint, the BOE sought to increase the 2019 valuation of the Property by $10,250,000. *Id.* Following an appeal, the BOE and Plaintiff entered into a settlement agreement, under which $112,775.21 of 2019 taxes were owed. *Id.* ¶¶ 12–13. Plaintiff told Defendant about the 2019 tax bill in July 2021. *Id.* ¶ 15. Defendant responded it did not intend to pay the 2019 taxes. *Id.* Subsequently, Plaintiff sent a demand letter to Defendant for payment of the 2019 taxes, but Defendant has not yet paid the 2019 taxes. *Id.* ¶¶ 16–17.

Op. and Order 1–2, ECF No. 28.

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(d), if a nonmovant for summary judgment shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may:

   (1)   defer considering the motion or deny it;
   (2)   allow time to obtain affidavits or declarations or to take discovery; or
   (3)   issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"The purpose behind Rule 56(d) is to ensure that plaintiffs receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (internal quotation marks and citations omitted). The non-movant must show by

---

[1] The Contract also states that this provision "shall survive Closing for a period of twenty-four (24) months (the "Survival Period")." Contract § 8.11(c), Amend. Compl. Ex. A, ECF No. 18-1.

affidavit or declaration, "how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014). "The [declaration] must indicate to the district court the party's need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *City of Memphis*, 928 F.3d at 490 (cleaned up). However, if the requested additional discovery is "irrelevant to the underlying issue to be decided," the Court need not grant the motion. *In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Practices Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014).

In determining whether to permit the requested additional discovery, the Court considers five factors: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period has lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive in its discovery requests. *Wilson v. Ebony Constr. LLC*, No. 2:17-CV-1071, 2018 WL 4743063, at *3 (S.D. Ohio Oct. 2, 2018); *see also Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995). However, the chief inquiry is "whether the moving party [under Rule 56(d)] was diligent in pursuing discovery." *Bailey v. Sperry Van Ness/R.M. Moore, LLC*, No. 3:16-CV-128, 2016 WL 4250328, at *1 (E.D. Tenn. Aug. 10, 2016) (quoting *E.M.A. Nationwide, Inc.*,

767 F.3d at 623). Moreover, "if the party seeking relief under Rule 56(d) has not received a full opportunity to conduct discovery, a denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Id.* (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

## III. ANALYSIS

As required by the rule, Plaintiff attaches a declaration in support from its counsel. ECF No. 40-1. In its motion and declaration, Plaintiff asserts that deferral is warranted because: (1) the parties are in the midst of a discovery dispute; (2) Defendant has not yet certified that it produced all responsive documents to Plaintiff; (3) Plaintiff has not received Defendant's full privilege log; and (4) Plaintiff has not been able to conduct a 30(b)(6) deposition of Defendant. *See* ECF Nos. 40, 40-1. Specifically, Plaintiff asserts that it believes additional discovery will establish that:

> (1) the amount agreed to by the BOE and [Plaintiff] for the 2019 taxes was $112,775.21; (2) counsel for [Plaintiff] notified [Defendant] of the BOE complaints and the Settlement Agreement and demanded prompt payment of $112,775.21 within the 24-month survival period; (3) [Defendant] failed to respond or otherwise object to the demand for payment for months; (4) [Plaintiff] repeatedly followed up on its demand to [Defendant]; (5) [Defendant] finally rejected [Plaintiff's] demand for payment, still within the 24-month survival period; (6) the intent of the retroactive tax obligation included agreed upon amounts; and (7) the obligation to pay retroactive taxes was triggered by the demand.

Mot. 3, ECF No. 40.

From a brief review of the docket, the central disputed issue in this case appears to be whether any retroactive taxes were assessed on the Property within the Survival Period and, if so, whether Plaintiff notified Defendant of the tax obligation within the Survival Period. Accordingly, the Court's analysis focuses on how additional discovery may inform this issue.

The first "factor primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." *Burnett v. Herron*, No. 18-CV-12471, 2023 WL 2712476, at *9 (E.D. Mich. Mar. 30, 2023) (citing *Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992)). Plaintiff has known since the commencement of this action what the likely central issues would be and has known that it would need to conduct a 30(b)(6) deposition of Defendant. However, Plaintiff also asserts that Defendant's motion for summary judgment advances arguments not previously apparent from discovery. St. Cyr Decl. ¶ 4, ECF No. 40-1. Plaintiff also asserts that it has been attempting to schedule a 30(b)(6) deposition of Defendant since March 8, 2023, and that Defendant has not cooperated. *Id.*

On balance, the Court finds that although there may be some issues Plaintiff learned of only when Defendant filed its motion for summary judgment, Plaintiff has been aware of the need to conduct discovery on these central issues and of the need to conduct a 30(b)(6) deposition since this case began. *See Lookout Mountain Suites, LLC v. Pinkston*, No. 1:18-CV-311, 2021 WL 722732,


at *5 (E.D. Tenn. Feb. 24, 2021) (concluding similarly). Furthermore, Plaintiff's assertions regarding its attempt to schedule a 30(b)(6) deposition of Defendant since March 8, 2023, are not compelling given this is only one day before Defendant filed its motion for summary judgment. *See docket.* Accordingly, this factor does not weigh in favor of granting Plaintiff's motion.

Under the second factor, although it is not clear whether the desired discovery would affect the Court's ruling, it is at least conceivable. For example, Plaintiff argues that it expects to learn additional information to support its position that it gave notice of the settlement agreement to Defendant within the Survival Period and that Defendant failed to respond to Plaintiff's notice for months. Furthermore, assuming the Court were to decide that such notice to Defendant sufficed to trigger the retroactive tax obligation, the Court would then be tasked with deciding whether the provision also encompassed tax obligations assessed due to a settlement agreement. Because the Contract is silent on this issue, and Plaintiff expects to learn additional information about the intent behind this provision with additional discovery, it is possible that such discovery could affect the Court's ruling. *See Ashley Furniture Indus. Inc. v. Am. Signature, Inc.*, No. 2:11-cv-00427, 2011 WL 4383594, at *4 (S.D. Ohio Sept. 19, 2011) (holding that a party seeking relief under Rule 56(d) need only show discovery sought at least has the potential to materially influence the Court's determination). Accordingly, the second factor weighs in favor of granting Plaintiff's motion.

The third and fourth factors relate to timeliness and diligence, with diligence being the chief inquiry under Rule 56(d). *See Wilson*, 2018 WL 4743063, at *5. Discovery has not yet closed—in fact, the Court recently granted an extension of the discovery deadline. Defendant moved for summary judgment several weeks before the close of discovery and in the midst of a discovery dispute before the Magistrate Judge; additionally, this case has been pending for just over one year. "At this early juncture, the Court is wary to put the proverbial cart before the horse and rule on [the] summary judgment motion. Indeed, the Sixth Circuit has admonished district courts that summary judgment should not ordinarily be granted before discovery has been completed." *Id.* (cleaned up) (granting a Rule 56(d) motion when a plaintiff moved for summary judgment just over two months before the close of discovery and the case had been pending for approximately eight months). Furthermore, there is no indication that Plaintiff has been dilatory in pursuing discovery. Even though Plaintiff has known about the need to conduct a 30(b)(6) deposition since these proceedings began, it is reasonable to wait to do so until document discovery is complete or nearly complete. *Cf. Muhammad v. Gibson*, No. 2:21-CV-4165, 2022 WL 1487044, at *4 (S.D. Ohio May 11, 2022) (granting a Rule 56(d) motion when the parties agreed it was reasonable to wait to take depositions after written discovery was complete). Accordingly, these two factors weigh in favor of granting Plaintiff's motion.

Finally, it appears Defendant has attempted to delay discovery throughout this case. First, Plaintiff was forced to file a motion to compel additional discovery, which the Court granted. ECF No. 38. Second, immediately after Defendant moved for summary judgment, it moved to stay discovery, ECF No. 35, which the Magistrate Judge denied, ECF No. 45. Further, Plaintiff asserts that Defendant has not been responsive to discovery requests even with a Court Order in place. St. Cyr Decl. ¶ 11, ECF No. 40-1. Although the Court is not best equipped to determine Defendant's responsiveness to discovery requests on the basis of briefing alone, the Court finds that, on balance, this factor also weighs in favor of granting Plaintiff's motion.

## IV. CONCLUSION

In sum, the factors weigh in favor of granting the motion, and Plaintiff's motion is **GRANTED**. Defendant's motion for summary judgment, ECF No. 34, is **STRICKEN**. Both parties may file fulsome motions for summary judgment by the currently scheduled dispositive motions deadline, after completion of discovery.

The Clerk shall strike ECF No. 34 and terminate ECF No. 40.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**