## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Preserve Partners, Inc.,

     Plaintiff,                          Case No. 2:22-cv-477

     v.                                  Judge Michael H. Watson

Sawmill Park Properties, LLC,        Magistrate Judge Vascura

     Defendant.

### OPINION AND ORDER

The Court previously ordered Sawmill Park Properties, LLC ("Defendant") to show cause why its response to Preserve Partners, Inc.'s ("Plaintiff") motion for summary judgment (the "Response") should not be stricken as untimely. ECF No. 62. Defendant has done so, ECF No. 64, and the Court now considers whether to strike the Response.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that when an act must be done within a specified period of time, a court may, for good cause, extend the time on motion made after time has expired if the moving party failed to act because of excusable neglect. In determining "excusable neglect," courts balance the following factors:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citation omitted). "Showing excusable neglect requires passing a high bar, which is strict, and can be met only in extraordinary cases." *Adams v. Wal-Mart Stores, Inc.*, No. 1:19-CV-00551, 2021 WL 425632, at *2 (S.D. Ohio Feb. 8, 2021) (quotation marks and citation omitted).

Two factors weigh heavily against Defendant: the reason for the delay and whether the delay was in Defendant's control. Defendant represents that it missed the response deadline because counsel mis-calendared the deadline. Resp. 1, ECF No. 64 (representing that the untimely filing "was caused entirely by the undersigned Counsel's mistaken calendaring of Defendant's Response date[.]"). Mere mis-calendaring does not favor a finding of excusable neglect. *See Blazer v. Chrisman Mill Farms, LLC*, No. 5:17-CV-430-DCR-REW, 2018 WL 1089274, at *2 (E.D. Ky. Feb. 28, 2018) (citing cases) (explaining that attorney mis-calendaring does not generally warrant a finding of excusable neglect). And the delay was entirely within Defendant's control; because the briefing schedule was the standard schedule contained in the local rules, Defendant had advanced notice of the same. *Id*. at *3 (concluding the delay was in the moving party's control when it had advanced notice of the deadline but missed the deadline because of a mis-calendaring). Thus, these two factors weigh strongly against Defendant.

The remaining three factors slightly favor Defendant. The delay was very short, only a few days. Because the delay was short, Plaintiff suffered minimal prejudice from the delay. Still, in a case as heavily litigated as this one, even small, unexpected delays disrupt the proceedings. And as the Sixth Circuit has observed, overly discounting short delays "would deprive the term 'deadline' of much of its meaning." *Nafziger*, 467 F.3d at 523. Finally, there is no evidence that Defendant acted in bad faith. Accordingly, these factors weigh slightly in Defendant's favor.

Although three factors slightly favor Defendant, the "reason for the delay" factor is the most important factor. *See, e.g.*, *Adams*, 2021 WL 425632, at *2 (observing that "reason for the delay" is the "most important factor" (cleaned up)). In addition, as discussed below, this is not the only example of Defendant disregarding the Court's orders, which also weighs against Defendant. *Nafziger*, 467 F.3d at 523 (explaining that, when considering a motion under Rule 6(b), a court should take "account of all relevant circumstances," including any other instances of noncompliance with court orders (quotation marks and citation omitted)).

At bottom, Defendant's late filing was the result of attorney error, and "[c]ourts have routinely rejected untimely filings where the only triggering [ ] factor was a mistake made by counsel." *Gohl v. Livonia Pub. Sch.*, No. 12-CV-15199, 2016 WL 2848421, at *2 (E.D. Mich. May 16, 2016) (cleaned up and citing cases). Therefore, the Court **STRIKES** the Response.

Turning to another matter, Defendant's motion for summary judgment, ECF No. 55, and motion for sanctions, ECF No. 61, do not comply with the Court's standing orders, which provide:

> All briefs and/or memoranda filed in any action before this Judge are subject to a twenty-page limit. Counsel shall not exceed the twenty page limitation without leave of Court.
>
> * * *
>
> Unless otherwise directed by the Court, no briefs or memoranda in any action need contain a table of contents, table of authorities, or summary of the argument.

Judge Watson's Civil Standing Orders at 2. Defendant's motion for summary judgment is thirty-two pages long. ECF No. 55. The brief in support of the motion for sanctions appears—at least at first—to be twenty pages long, but it comes with a three page "motion" that is really the introductory section of the brief, thus making the memorandum *in reality* twenty-three pages long. ECF No. 61. In both instances, Defendant did not seek leave of Court to exceed the page limit.

In addition, the motion for sanctions uses a font size smaller than Times New Roman 12-point font, which also violates the Court's standing orders. Judge Watson's Civil Standing Orders at 2. And, of course, if Defendant had used a font size that complied with the Court's standing orders, its brief would have been even longer.

Accordingly, the Court **STRIKES** Defendant's motion for summary judgment, motion for sanctions, and all associated briefing for failure to comply

with the Court's standing orders.  Defendant may re-move for summary judgment

**WITHIN FOURTEEN DAYS**.

The Clerk shall designate the following ECF Numbers as "stricken": 55, 58,

60, 61, 63, 65, and 66, and shall terminate ECF Nos. 55 and 61.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**