UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Preserve Partners, Inc.,

    Plaintiff,                           Case No. 2:22-cv-477

    v.                                   Judge Michael H. Watson

Sawmill Park Properties, LLC,      Magistrate Judge Vascura

    Defendant.

## OPINION AND ORDER

Sawmill Park Properties, LLC ("Defendant") moves for summary judgment on Preserve Partners, Inc.'s ("Plaintiff") claims; Plaintiff moves for summary judgment on its breach-of-contract claim. ECF Nos. 57 & 69. For the reasons below, Defendant's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**; Plaintiff's motion for summary judgment is **DENIED**.

### I.    FACTS

On January 2, 2020, the parties closed on a contract (the "Contract") under which Defendant sold Plaintiff a property in Columbus, Ohio (the "Property"). *See generally*, Contract, ECF No. 56-6. Relevant here, under the Contract, all real estate taxes for the 2020 calendar year and any prior year are to be prorated between the parties. *Id.* ¶ 8.11(c). The Contract further provides that if any "real estate taxes are retroactively assessed against the Property . . . the proration or apportionment shall be adjusted based on the actual figures as soon as feasible

but not later than [twenty-four] months after the Closing Date." *Id.* This real-estate-tax provision (the "Provision") survives closing for twenty-four months. *Id.*

A couple of months after closing, the Board of Education of the Dublin City School District (the "Board of Education") filed a complaint with the Franklin County Board of Revision ("Board of Revision") to increase the 2019 valuation of the Property. Board of Education complaint, ECF No. 54-4. The Board of Revision determined the original valuation was correct, and the Board of Education appealed. Notice of appeal, ECF No. 54-8.

During those proceedings, Plaintiff and the Board of Education reached a settlement. Rosendin Dep., 105:13–106:20, ECF No. 54-1. By July 2021, Plaintiff and the Board of Education agreed that Plaintiff would pay an additional $112,775.21 for the 2019 tax year. *Id.* The Settlement Agreement was signed on January 10, 2022. Settlement Agr., ECF No. 54-18.

Also in July 2021, Plaintiff told Defendant about the settlement, seeking reimbursement under the Provision. Email, ECF No. 56-7. When Defendant did not reimburse Plaintiff, Plaintiff sued. *See generally*, Compl., ECF No. 4.

## II.     STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a): "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Court must grant summary judgment if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case" and "on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986). The Court disregards "all evidence favorable to the moving party that the jury would not be required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (citation omitted). Summary judgment will "not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal citations and quotation marks omitted).

The Court is not "obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). The Court may rely on the parties to call attention to the specific portions of the record that demonstrate a genuine issue of material fact. *Wells Fargo Bank, N.A. v. LaSalle Bank N.A.*, 643 F. Supp. 2d 1014, 1022 (S.D. Ohio 2009).

## III.  ANALYSIS

Plaintiff asserts the following claims: (1) breach of contract; (2) unjust enrichment; and (3) promissory estoppel.  Am. Compl. ¶¶ 20–39, ECF No. 18.  The Court considers each claim, in turn.

### A.  Breach of Contract

To establish a claim for breach of contract, the plaintiff must prove: (1) "the existence of a contract"; (2) "performance by the plaintiff"; (3) "breach by the defendant"; and (4) "damage or loss to the plaintiff as a result of the breach." *V&M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012) (citing cases).

Here, the dispute is whether Defendant had an obligation to reimburse Plaintiff under the Provision.  The parties seem to agree on one point: the existence of the "actual figures" for "retroactively assessed" taxes is a condition precedent to Defendant's obligation.  Thus, the dispositive issue is whether that condition precedent occurred before the twenty-four month "twilight" of the Provision.  To answer that question, the Court must determine when the settlement—which determined the relevant "actual figures"—was formed.

As with any contract, a valid settlement agreement arises as the result of an offer, acceptance, the manifestation of mutual assent, and consideration. *Kostelnik v. Helper*, 770 N.E.2d 58, 61 (Ohio, 2002) (quotation marks and citation omitted).  It becomes binding the moment the offer is accepted. *Zele v. Ohio Bell Tel. Co.*, 223 N.E.3d 572, 581 (Ohio Ct. App. Aug. 17, 2023) (citing cases).

Applied here, the question is whether there was a binding contract before the Settlement Agreement was formalized. That is: did Plaintiff and the Board of Education have an offer, acceptance, mutual assent, and consideration in July 2021, when they finished their negotiations? If the answer to that question is "yes," then the "actual numbers" were available in July 2021, and Defendant had an obligation to pay its share of the tax bill. If, instead, Plaintiff and the Board of Education did not have a binding contract until the Settlement Agreement was formalized on January 10, 2022, then the condition precedent to any obligation of Defendant to pay for past taxes did not arise until after the 24-month cut-off date.

There is a genuine dispute of material fact on this score. On the one hand, Plaintiff behaved like there was a settlement contract in July 2021—well before the two-year cut-off date. For example, Plaintiff told Defendant in July 2021 that it had reached a settlement with the Board of Education and asked for reimbursement. *See* Email, ECF No. 56-7. However, neither party has briefed (or pointed to evidence of) when the offer, acceptance, and manifestation of mutual assent happened. In sum, there is a genuine issue of material fact as to whether there was a contract in July 2021 and, by extension, when Defendant had an obligation under the Provision.

Plaintiff disagrees with this conclusion. Plaintiff argues that the only thing the Provision required is the "actual figures," not a finalized contract. *E.g.*, Resp. 13–15, ECF No. 71. Plaintiff is correct that the Provision requires only the "actual figures." Contract ¶ 8.11, ECF No. 56-6. But if there was no binding contract

until January 2022, there likewise were not *actual* figures (because, in that case, the figures were finalized by the Settlement Agreement). Thus, Plaintiff's argument fails.

Defendant also makes several arguments in support of summary judgment in its favor. First, Defendant argues that the Settlement Agreement could not have ever triggered those obligations because a settlement agreement is not an "assessment." Mot. 6–7, ECF No. 69. According to Defendant, only a governmental body can fix an "assessed value" and, because the Settlement Agreement is a private contract, it cannot be an assessment. *Id.*

This argument fails. First, Defendant cites no caselaw for support. *Id.* Instead, Defendant cites Ballantine's Law Dictionary and Plaintiff's representative's deposition for its legal rules. *Id.* Working backwards, a party to a lawsuit is not a source of legal authority. Of course, law dictionaries can be helpful. But here, the law dictionary's definition—a definition that is, by necessity, completely divorced from the facts of a particular case or the language of a particular contract—is not binding on this Court.

Second, and more importantly, Defendant's reading of "assessed" is incompatible with the language of the Provision. When read as a whole, the meaning of the Provision is unambiguous and clear: regardless of how taxes are retroactively assigned to the Property (via county, board of revision, or a settlement), Defendant is responsible to pay its pro rata share of the same. In sum, Defendant's argument falls flat.

Defendant also argues that the Settlement Agreement itself dooms Plaintiff's claim. As Defendant points out, non-party Davenport, LLC signed the Settlement Agreement. Settlement Agr., ECF No. 54-18. According to Defendant, by doing so, Davenport, LLC assumed all responsibilities for payment and, therefore, Defendant has no duty to reimburse any part of that payment. Not so. Nothing in the Settlement Agreement purports to limit Davenport, LLC's ability to seek reimbursement from Plaintiff or, in turn, Plaintiff's ability to seek reimbursement from Defendant. Thus, this argument falls flat.

Finally, Defendant argues that, because the Settlement Agreement was not finalized until *after* Plaintiff filed the Complaint in this lawsuit, Plaintiff lacked standing when it filed the Complaint. This argument presumes that there was no contract until the Settlement Agreement was formalized. As explained above, there is a genuine dispute of material fact about when the contract was formed. Similarly, then, there is a genuine issue of material fact about whether Plaintiff had standing when it filed the Complaint. Accordingly, Defendant's standing arguments are unavailing now.

In sum, there is a genuine dispute of material fact as to whether Defendant has any obligation to pay tax bills under the Contract. Accordingly, neither side is entitled to summary judgment on the breach-of-contract claim.

**B.    Unjust Enrichment and Promissory Estoppel**

When a contract governs the parties' relationship, a plaintiff generally may not recover under an unjust enrichment or promissory estoppel theory. *See, e.g.,*

*Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 222 (6th Cir. 1992) (explaining that a plaintiff generally may not recover on an unjust enrichment theory when the parties have a contract (citing Ohio law)); *Digitalight Sys., Inc. v. Cleveland Clinic Found.*, 188 N.E.3d 1151, 1165 (Ohio Ct. App., Apr. 28, 2022) ("The existence of an express contract precludes a claim of an implied contract or promissory estoppel." (citing cases)). However, if there is evidence of "fraud, bad faith, or illegality," a plaintiff may recover on a quasi-contract theory even in the presence of an express contract. *RehabCare Grp. E., Inc. v. Plus Mgmt. Servs., Inc.*, No. 3:15-CV-01399, 2015 WL 8527412, at *1 (N.D. Ohio Dec. 11, 2015) (cleaned up and citing Ohio law).

Here, the parties agree that an express contract governs their relationship. Thus, Plaintiff could maintain a quasi contract claim only if there is evidence of fraud, illegality, or bad faith in the formation of the contract. Plaintiff points to no such evidence. As a result, there is no genuine dispute of material fact that Plaintiff's unjust enrichment and promissory estoppel claims cannot proceed.

Plaintiff argues that it can maintain its quasi contract claims in the alternatives. Resp. 20, ECF No. 71. Sometimes, the alternative theories are appropriate. For example, if the existence of a contract is disputed, it could be appropriate for a plaintiff to pursue contract and quasi contract claims in the alternative. Here, in contrast, there is no dispute that Plaintiff and Defendant had a valid contract. On these facts, Plaintiff's quasi contract claims cannot proceed.

Accordingly, Defendant is entitled to summary judgment on the unjust enrichment and promissory estoppel claims.

## IV. CONCLUSION

For these reasons, Defendant's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**; Plaintiff's motion for summary judgment is **DENIED**. Plaintiff's breach-of-contract claim will proceed to trial; Defendant is granted summary judgment on Plaintiff's other claims. The parties are **ORDERED** to file a joint notice **WITHIN TWENTY-ONE DAYS** indicating whether they wish to engage in mediation with a member of the Court's staff.

The Clerk shall terminate ECF Nos. 57 and 69.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**